UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ISA SAITI,

                       Plaintiff,

         -v-

CENTURY MANAGEMENT,

                       Defendant.

23-CV-9591 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

      Plaintiff Isa Saiti, proceeding *pro se*, brings this employment discrimination action against Defendant Century Management under Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law. Before the Court is Defendant's unopposed motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. For the reasons that follow, the motion to dismiss is granted.

**I.    Background**

      The following facts are taken from Saiti's complaint and are assumed true for purposes of resolving this motion to dismiss. Saiti worked as a doorman for Century Management at a residential apartment building at 315 East 70th Street, New York, New York. (ECF No. 1 ("Compl.") at 8.) "On or about October 2021, Century Management required all employees to obtain COVID-19 vaccinations." (*Id.*) Saiti, who is Muslim, requested a religious exemption because the vaccination requirement conflicted with his religious belief. (*Id.*) He submitted "a signed Affidavit of Exemption on Religious Grounds" and "an excerpt of the Quran." (*Id.*) On or about December 27, 2021, Century Management terminated Saiti for failure to submit proof of COVID-19 vaccination. (*Id.*) In or about January 2022, Century Management denied Saiti's religious exemption request for being "incomplete" and lacking "minimal information." (*Id.*)

Saiti filed a grievance with his union, Local 32BJ, on or about April 4, 2022.  (*Id.*)  He has been a member of Local 32BJ since August 2010.  (*Id.*)

Saiti initiated this action *pro se* on October 31, 2021.  (Compl.)  On April 1, 2024, Century Management moved to dismiss the complaint for lack of subject matter jurisdiction and on the ground of *res judicata*.  (ECF No. 13; ECF No. 15 ("Mem.").)  On May 8, 2024, the Court granted Saiti an extension until July 1, 2024 to respond to the motion to dismiss.  (ECF No. 18.)  On August 7, 2024, the Court *sua sponte* extended the deadline again and warned Saiti that if he failed "to respond to the motion to dismiss by August 30, 2024, the motion to dismiss [would] be treated as unopposed."  (ECF No. 20.)  Saiti never filed a response.

## II.    Legal Standard

"*Res judicata* challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)" of the Federal Rules of Civil Procedure.[1]  *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994).  "[A]lthough a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law."  *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000).  Accordingly, the district court must determine whether dismissal is appropriate on the merits, as "the plaintiff's failure to respond . . . does not warrant dismissal."  *Id.* at 323.

---

[1] Century Management also moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, arguing that Saiti is bound by the mandatory arbitration clause in his collective bargaining agreement.  (Mem. at 11-14.)  Such arguments are usually appropriate for requesting a stay pending arbitration, not a Rule 12(b)(1) motion to dismiss.  *See Lagerstrom v. Orsid Realty*, No. 23-CV-727, 2024 WL 532291, at *3 (S.D.N.Y. Feb. 9, 2024).  Because the arbitration in this case has already occurred, the Court focuses on Century Management's *res judicata* argument.

Dismissal under Rule 12(b)(6) is proper when a complaint lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In deciding an unopposed motion to dismiss, a court is to assume the truth of a pleading's factual allegations and test only its legal sufficiency." *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (cleaned up) (quoting *McCall*, 232 F.3d at 322). "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020). Nonetheless, "[w]hen a defendant raises claim or issue preclusion, dismissal under Rule 12(b)(6) is appropriate when it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Cox v. Perfect Bldg. Maint. Corp.*, No. 16-CV-7474, 2017 WL 3049547, at *3 (S.D.N.Y. July 18, 2017) (quotation marks omitted).

### III.   Discussion

"[R]es judicata, or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Monahan v. N.Y.C. Dep't. of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (quotation marks omitted). A claim is precluded from subsequent litigation if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Id.* at 285. In deciding a motion to dismiss based on *res judicata*, "a court may consider [collective bargaining agreements] and arbitration awards without converting the motion to a motion for summary judgment." *Lobban v. Cromwell Towers Apartments, Ltd. P'ship*, 345 F. Supp. 3d 334, 341 (S.D.N.Y. 2018); *see also Cox*, 2017 WL

3

3049547, at *3 ("[C]ourts have regularly taken judicial notice of arbitration awards and collective bargaining agreements in considering a motion to dismiss or to compel arbitration.").

### A.     Adjudication on the Merits

The Arbitration Opinion and Award submitted by Century Management is an adjudication on the merits. (ECF No. 14-5 ("Award").) "It is well-settled that the doctrine[] of res judicata . . . can be predicated on arbitration proceedings." *Siddiqua v. N.Y. State Dep't of Health*, 642 F. App'x 68, 70 (2d Cir. 2016) (summary order). The arbitrator, after hearing two days of witness testimony, "[found] no direct evidence of discrimination on the part of the Employer, and no nexus creating an inference of pretext arising from the Employer's actions and its denial of the religious exemption request." (Award at 20.) Thus, the arbitration award constitutes an adjudication on the merits.

### B.     Same Parties or Privity

*Res judicata* does not require "literal privity"; rather, "a party will be bound by the previous judgment if his interests were adequately represented by another vested with the authority of representation." *Monahan*, 214 F.3d at 285 (quotation marks omitted). "In the context of labor unions and grievances filed on behalf of union members pursuant to collective bargaining agreements, the union is in privity with the member provided that the member 'belonged to the union at all relevant times,' and the union was 'the sole and exclusive collective bargaining representative for its members.'" *Cox*, 2017 WL 3049547 at *4 (cleaned up) (quoting *Monahan*, 214 F.3d at 285). Here, the arbitration was brought by Saiti's union, Local 32BJ, on Saiti's behalf. (Award at 2.) At all relevant times, Saiti was a member of Local 32BJ, which acted as his "exclusive collective bargaining representative." (ECF No. 14-2 at 9.) Thus, Saiti is in privity with his union. The arbitration was brought against "315 East 70th Apartment Corp. c/o Century Management Services," and Century Management was referred to as the

"Employer" alongside 315 East 70th Apartment Corp. in the arbitration award.  (*See* Award at 3, 5.)  Thus, Century Management is also in privity with the respondent in the arbitration.

### C.     Identity of Claims

"[W]hen the factual predicate upon which claims are based are substantially identical, the claims are deemed to be duplicative for purposes of *res judicata*."  *KIPP Acad. Charter Sch. v. United Fed'n of Tchrs., AFT NYSUT, AFL-CIO*, 723 F. App'x 26, 30 (2d Cir. 2018) (summary order) (quoting *Berlitz Sch. of Languages of Am., Inc. v. Everest House*, 619 F.2d 211, 215 (2d Cir. 1980)).  Here, the arbitration and the present litigation are predicated on the same facts: Century Management's denial of Saiti's request for a religious exemption to the COVID-19 vaccination requirement and its subsequent termination of Saiti's employment.  (*See* Compl. at 8; Award at 5-9.)  As such, the claims asserted in this action were, or could have been, raised in the prior arbitration.

Accordingly, the doctrine of *res judicata* bars Saiti from relitigating in this Court his employment discrimination claims that were already adjudicated in a prior arbitration.  Saiti's complaint must be dismissed.

## IV.    Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.

The Clerk of Court is directed to terminate the motion at Docket Number 13, to enter judgment dismissing the Plaintiff's claims, and to close this case.

SO ORDERED.

Dated: February 21, 2025
       New York, New York

_____
J. PAUL OETKEN
United States District Judge